**Jarmel INGRAM, Plaintiff–Appellant,**

v.

**JOHNSON & JOHNSON; Ortho–McNeil Pharmaceutical, erroneously sued as Johnson & Johnson, Defendants–Appellees.**

No. 99–55944.

D.C.No. CV–98–03879–RSWL.

United States Court of Appeals,
Ninth Circuit.

**348**

Submitted Feb. 5, 2001 *.

Decided Feb. 12, 2001.

Before PREGERSON, CANBY, and THOMPSON, Circuit Judges.

## MEMORANDUM **

Ingram brings several claims related to his discharge by defendant Ortho–McNeil Pharmaceutical. The parties are familiar with the facts, which will not be repeated here. We affirm the district court's summary judgment in favor of Ortho–McNeil.

■ Ingram's FEHA-based discrimination claims are barred because he failed to file an administrative complaint within one year after his termination, as required by Calif. Gov.Code § 12960.

■ Ingram's claims for breach of contract and breach of the covenant of good faith and fair dealing fail because the undisputed evidence establishes that Ingram was an at-will employee. Moreover, the undisputed evidence also establishes that Ingram was discharged for cause.

■ The district court's order of April 23, 1999, set forth the reasons for granting summary judgment. Moreover, findings of fact and conclusions of law are not required for entry of summary judgment. *See* Fed.R.Civ.P. 52(a).

Ingram has waived the remaining claims that he asserted in district court by not addressing them on appeal.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.